FILED
 2010 Aug-24  AM 11:27
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LONNIE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:10-cv-00583-TMP |
| | ) |
| CITY OF BIRMINGHAM POLICE | ) |
| DEP'T., *et al.,* | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

This is an action in which the plaintiff alleges his Fourth Amendment rights were violated as a result of being detained by police officers on a public street in Birmingham, Alabama. The magistrate judge filed a report and recommendation on May 18, 2010, recommending that this action be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The magistrate judge found that the plaintiff had failed to allege facts which showed that he was subjected to an actual "seizure" as that word is used in the Fourth Amendment or that the defendants had gone beyond the limited bounds of an investigative stop as authorized by the Supreme Court in *Terry v. Ohio* 392 U.S. 1 (1968). The report recognized that it is not appropriate for this court simply to infer a Fourth Amendment violation, absent specific factual allegations which state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). The magistrate judge noted that by inferring a Fourth Amendment violation where none is pleaded, the court would, in effect, prematurely vitiate the defendants' qualified immunity, which protects the defendants from the burden of even responding to the plaintiff's complaint.

The plaintiff filed objections to the report and recommendation on May 25, 2010.[1]  He now argues that he was wrongfully cited for "drinking in public" on one of the occasions in question and therefore was "seized" for purposes of Fourth Amendment protections.[2]  In essence, his claim has now become one of false arrest with respect to that one encounter.  The plaintiff fails to identify the officer who issued the citation, but it is clear that defendant Amir was not involved in the January 2010 incident.[3]

The Fourth Amendment is implicated any time a person is involuntarily detained, even briefly, by a police officer. *United States v. Lopez*, 565 F.3d 1306, 1313 (11th Cir. 2009).  However, the magistrate judge correctly recognized that not all interactions between police officers and citizens constitute a "seizure" for purposes of the Fourth Amendment.  It is only when a police officer by means of physical force or show of authority restrains an individual's liberty that a seizure occurs. *Terry*, 392 U.S. at 20.  In the initial complaint, the plaintiff merely states that he was "detained" by Officer Amir and a female partner on July 20, 2008.  He provides no specific factual background to

---

[1] The plaintiff also filed a "witness list" on June 11, 2010.  For purposes of this memorandum of opinion, the witness list has no bearing on the substantive issues set forth in the report and recommendation.

[2] Although it is not clear from the wording in the objections, it appears the plaintiff was not actually taken into custody, but was merely issued a citation similar to a traffic ticket. (Doc. #6, p. 4).  According to the photocopy attached to the plaintiff's objections, the citation was issued in conjunction with a January 22, 2010, encounter with police officers.  Despite the magistrate judge's admonition that the factual content of the initial complaint was insufficient, the plaintiff's objections do not address or provide further factual background to the alleged detention that occurred on July 20, 2008.

[3] The plaintiff describes the January 22, 2010, incident as involving "another office[r ]in that area." (Doc. #1, p. 5).

describe the events leading up to the alleged detention or specific facts which indicate that his liberty was actually restrained by physical force or a show of authority.[4]

Although the *Terry* decision does not require that an officer have probable cause to make an arrest before he may briefly detain a person on the street, it does require that the officer have "some minimal level of objective justification" for believing that the person has or is about to engage in criminal activity. *United States v. Fisher*, 597 F.3d 1156, 1158 (10th Cir. 2010). However, in this instance, the magistrate judge recognized that the plaintiff's vague allegations provide no insight into reasons he was detained, the duration of the detention, or the intrusiveness of any investigative measures taken. Absent specific facts addressing these issues, the plaintiff's complaint fails to state a claim that is "plausible on its face." *Iqbal*, supra. As *Iqbal* points out, in assessing the "plausibility" of a claim for relief, the court is entitled to take into account reasonable inferences supporting the lawfulness of the conduct at issue. If, on the factual allegations set out in the complaint, it is equally reasonable to conclude that the defendant acted lawfully, it cannot be said that the complaint has set forth a "plausible" claim for relief. *See American Dental Association v Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010)

The plaintiff's objections specifically address the encounter he had with un-named officers on January 22, 2010. It appears that he was charged with consumption of alcohol in public and signed an appearance bond on that date. (Doc. #6, p. 4). Although the plaintiff was not actually taken into custody, it is clear that the plaintiff was "arrested" for purposes of Fourth Amendment scrutiny. However, an arrest based upon probable cause is an absolute bar to a claim for false arrest.

---

[4] Without more, the plaintiff's use of the word "detained" is in essence a legal conclusion couched as a factual allegation, which the court is not bound to accept as true for purposes of this review. *Iqbal*, ___ U.S. ___, 129 S.Ct. 1950.

*Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). "Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense." *Id.* More importantly, even if an officer lacked actual probable cause to make an arrest he is nevertheless entitled to qualified immunity if there was *arguable* probable cause for the arrest. *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir.1999). Arguable probable cause exists if a reasonable police officer, knowing what the defendant knew, would have believed that there was probable cause for the arrest.[5] *Id.* In determining whether arguable probable cause existed at the time of the arrest, the courts will look at the totality of the circumstances. *Davis v. Williams*, 451 F.3d 759 (11th Cir. 2006).

In this instance, the plaintiff's conclusory allegations are not enough to overcome the defense of qualified immunity afforded the officers who made the arrest.[6] He simply asserts that his detention "was unlawful under the particular circumstances" and that the officer had "no reason" to charge him with a crime. He provides no *specific* factual support to show that the officers lacked probable cause to charge him with an infraction and has failed to state a claim of false arrest that is "plausible on its face." *Iqbal*, supra; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th

---

[5] As long as his belief is reasonable, a police officer does not have to ultimately be correct in his belief that he has probable cause to make an arrest. *Rodriguez v. Farrell*, 280 F.3d 1341, 1347 (11th Cir. 2002).

[6] It is important to note that qualified immunity not only shields government actors from liability, but also from suit as well. Questions of qualified immunity should therefore be decided at the earliest possible stage of litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)

Cir.2010).[7]  More than mere conclusory notice pleading is required in civil rights complaints, especially where the defense of qualified immunity is involved. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003).  Neither the plaintiff's initial complaint nor his objections are sufficient to defeat the arresting officers' qualified immunity in this instance.[8]

In addition to Officer Amir and an un-named "officer on duty," the plaintiff names the City of Birmingham Police Department and Chief A. C. Roper as defendants.  However, even if the plaintiff had stated valid Fourth Amendment claims against the individual defendants, he has failed to allege facts which would assess liability against the City or its Police Chief.  In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities and other local bodies could be treated as persons for purposes of a § 1983 action.  The court held that local bodies could be sued directly for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. at 694.  However, the plaintiff makes no allegation that the City of Birmingham maintained a policy of stopping citizens without probable cause, nor is there any factual basis for concluding that Chief Roper participated in the stops of the plaintiff.  Absent facts which indicate that the plaintiff suffered a constitutional deprivation due to a policy statement, ordinance,

---

[7] As discussed above, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1249.

[8] The plaintiff fails to name the officers involved in the January 22, 2010, incident.  To the extent the plaintiff attempts to assert a claim against the officers as fictitious parties, his complaint is insufficient.  There is no provision in the federal statutes or the Federal Rules of Civil Procedure for the use of fictitious parties, and as a general rule fictitious party practice is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *CSX Transp., Inc. v. United Transp. Union*, 236 Fed.Appx. 562 at **1 n. 1 (11th Cir., June 7, 2007); *New v. Sports and Recreation, Inc*., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).

regulation, or decision adopted by the City of Birmingham or Chief Roper, he cannot maintain a § 1983 action against those defendants.

Based upon the foregoing, and having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  This action is therefore due to be dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).  A Final Judgment will be entered.

DATED this 24th day of August, 2010.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**